IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-R5 | § § § § § § § | |
| Plaintiff, | § | Civil Action No. 4:23-cv-00579 |
| v. | § § § | |
| BENIGNA BEATRIZ ZAPATA, ALEXANDRO ZAPATA, ANTONIO BERNAL, JORGE ZAPATA, JESUS ZAPATA, BEATRIZ ZAPATA, and BENIGNA BERNAL ZAPATA, | § § § § § § § | |
| Defendants. | § | |

**FINAL DEFAULT JUDGMENT**

Came on to be considered the above-entitled and numbered cause wherein Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset- Backed Pass-Through Certificates, Series 2005-R5 ("Deutsche Bank" or "Plaintiff"), is the Plaintiff and Benigna Beatriz Zapata, Alexandro Zapata, Antonio Bernal, Jorge Zapata, Jesus Zapata, Beatriz Zapata, and Benigna Bernal Zapata are the Defendants ("Defendants"). Defendants, although having been duly and legally summoned to appear and answer, failed to appear and answer, and wholly made default on Plaintiff's claims against them.

I.

Plaintiff's Original Complaint ("Complaint") was served upon Defendants according to law and returned to the Clerk where it remained on file for the time required by law. The Court has read the pleadings and the papers on file and is of the opinion that the allegations of Plaintiff's

Complaint have been admitted by Defendants. The Court further finds that Plaintiff does not seek monetary damages against Defendants, but instead seeks certain declarations and a judgment allowing foreclosure of the real property which is the subject of this action. Therefore,

## II.

In light of Defendants' default and the nature of Plaintiff's claims against them, the Court orders as follows:

It is **ORDERED, ADJUDGED, AND DECREED** that the material allegations of the Original Complaint be and are deemed admitted as to Defendants. It is further,

**ORDERED, ADJUDGED AND DECREED** that an event of default has occurred on that certain *Texas Home Equity Adjustable Rate Note (LIBOR Index (As Published in The Wall Street Journal)- Rate Caps) (Cash Out – First Lien)* in the principal amount of $80,000.00 ("Note"), executed by Decedent Candelario S. Zapata ("Decedent" or "Borrower").

**ORDERED, ADJUDGED AND DECREED** that certain *Texas Home Equity Security Instrument (First Lien)* executed by Decedent Candelario S. Zapata and Defendant Benigna Beatriz Zapata (the "Security Instrument" and together with the Note, "Loan Agreement"), recorded in the Official Public Records of Harris County, Texas, in Book 9070, Page 205 as Document No. Y461632, provides that Plaintiff as the current owner of the Note and mortgagee of the Security Instrument, in the event of a default on the obligations on the Note, with a lien security interest on that certain real property commonly known as 4307 Knotty Oaks Trail., Houston, Texas 77045, and more particularly described as follows:

> LOT 13, IN BLOCK 4 OF PAMELA HEIGHTS, SECTION ONE (1), AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 50, PAGE 74 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS. (The "Property").

It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is the current legal owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff is also a mortgagee as that as that term is defined in section 51.0001(4) of the Texas Property Code. It is further,

**ORDERED, ADJUDGED AND DECREED** that the following are secured by the Security Interest on the Property: the outstanding balance of the Note, including attorney's fees; pre-judgment interest at the Note interest rate of 8.500%; post-judgment interest at the Note interest rate of 8.500%; and costs of court. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff or its successors or assigns, may proceed with non-judicial foreclosure of Defendants' interests in the Property as provided in the Security Instrument and section 51.002 of the Texas Property Code. It is further,

**ORDERED, ADJUDGED, AND DECREED** that, should Plaintiff proceed with foreclosure on the Property then, the purchaser at the foreclosure sale will be vested with all of Defendants' interest, rights, and title in the Property. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff may further communicate with Defendants, and all third parties reasonably necessary to conduct the foreclosure sale. It is further,

**ORDERED, ADJUDGED AND DECREED** that all costs are to be taxed against Defendants as a further obligation of the debt, and not as a personal judgment against Defendants. It is further,

**ORDERED, ADJUDGED AND DECREED** this is a final default judgment that fully and finally resolves all claims between Plaintiff and all Defendants.

Signed this 29TH day of January, 2024 at Houston, Texas.

Ewing Werlein, Jr.
United States District Judge